**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4001**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONATHAN MORRISON NORRIS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:17-cr-00242-TDS-1)

Submitted:  September 28, 2018                     Decided:  October 11, 2018

Before WYNN, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Jonathan Morrison Norris of a methamphetamine conspiracy and concluded that more than 500 grams of methamphetamine was attributable to Norris. *See* 21 U.S.C. §§ 846, 841(b)(1)(A). As Norris had previously been convicted of a felony drug offense, he faced an enhanced statutory sentencing range of twenty years to life. At sentencing, the district court granted his request for a downward variance from the calculated guideline range and sentenced Norris to 285 months. Norris now raises four claims: (1) the district court erroneously instructed the jury on how to calculate the methamphetamine attributable to him, (2) the district court improperly allowed a law enforcement officer to present both factual and expert testimony, (3) the district court erred in admitting lay witness testimony that the substance distributed was methamphetamine, and (4) the jury's guilty verdict was not supported by sufficient evidence. Finding no reversible error, we affirm.

Norris first argues that the district court improperly instructed the jury on its drug quantity finding because the court did not explain how to determine the quantity of drugs personally attributable to the defendant. *See United States v. Collins*, 415 F.3d 304, 312–14 (4th Cir. 2005). Because Norris failed to preserve an objection to the challenged instruction, our review is for plain error. *United States v. Jeffers*, 570 F.3d 557, 569 (4th Cir. 2009). Norris must therefore "show that an error occurred, that the error was plain, and that it affected his substantial rights." *Id*. Even if Norris makes such a showing, "[t]he Supreme Court has recognized that, where the evidence against a defendant is 'overwhelming and essentially uncontroverted,' a plain error does not 'seriously affect

2

the fairness, integrity, or public reputation of judicial proceedings,' and a reviewing court can choose not to recognize it." *Id.* (quoting *United States v. Cotton,* 535 U.S. 625, 632–33 (2002)).

To establish the appropriate statutory sentencing range for a defendant found guilty of a drug conspiracy, a jury must determine the drug quantity attributable to the defendant individually. *See Collins*, 415 F.3d at 311–14. In addition to the drugs personally distributed by the defendant, the jury may also attribute drugs distributed by co-conspirators so long as those distributions were both reasonably foreseeable to the defendant and in furtherance of the conspiracy. *See id.*; *United States v. Irvin*, 2 F.3d 72, 77–78 (4th Cir. 1993). Here, the district court directed the jury to determine the quantity of methamphetamine "attributable" to Norris but did not further specify how to determine what amounts should be attributable to him.

Even if we assume the district court plainly erred, we would decline to recognize the instructional error. This Court has repeatedly recognized that "if the evidence 'overwhelmingly establishe[s]' that the defendant was personally responsible for the threshold quantity of drugs, and if his trial assertions 'primarily focused on whether he committed the offenses and not on the drug quantities reasonably foreseeable to him,' we may decline to recognize a plain *Collins* error." *Jeffers*, 570 F.3d at 569–70 (quoting *United States v. Foster*, 507 F.3d 233, 252 (4th Cir. 2007)). Here the evidence overwhelmingly demonstrates that Norris was personally involved in the distribution of more than 500 grams of methamphetamine, and his defense at trial focused on guilt, not drug quantity. Even at sentencing, Norris continued to assert his innocence but did not

3

object to the more than four kilograms of methamphetamine attributed to him. We thus reject Norris's *Collins* claim as any error in the challenged instruction does not seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See Jeffers*, 570 F.3d at 569.

We turn next to Norris's challenges to the district court's evidentiary rulings admitting the dual-role testimony of Chief Deputy Ramsey and the lay witnesses' testimony that the substance they trafficked was methamphetamine. We review a trial court's decisions on the admissibility of evidence for abuse of discretion and will only overturn evidentiary rulings that are arbitrary and irrational. *United States v. Cole*, 631 F.3d 146, 153 (4th Cir. 2011). Upon review, we find no abuse of discretion in either of the district court's contested evidentiary rulings.

Finally, Norris claims that the evidence at trial failed to support his conviction. Facing a heavy burden, Norris must show that the record lacks substantial evidence to support the jury's verdict. *Foster*, 507 F.3d at 244–45. As this record contains ample evidence from which the jury could reasonably conclude that Norris was guilty of the charged conspiracy, we reject his insufficient-evidence claim.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*